# IN THE COURT OF APPEALS OF IOWA

No. 24-1775
Filed December 17, 2025

**JONATHAN GOVIAS,**
    Plaintiff-Appellant,

**vs.**

**IOWA STATE UNIVERSITY, BRAD DELL, in his professional and individual capacity and SONJA GILES, in her professional and individual capacity,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Story County, John R. Flynn, Judge.

Jonathan Govias appeals the district court's summary judgment ruling dismissing his employment-discrimination and retaliation claims. **AFFIRMED**

Benjamin W. Roberson of Community Law Office, Cedar Rapids, for appellant.

Brenna Bird, Attorney General, Eric Wessan, Solicitor General, Patrick C. Valencia, Deputy Solicitor General, Ian M. Jongewaard (until withdrawal), Assistant Solicitor General, and Christopher Deist and Nick A. Davis (until withdrawal), Assistant Attorneys General, for appellees.

Considered without oral argument by Tabor, P.J., and Ahlers and Langholz, JJ.

**AHLERS, Judge.**

Iowa State University (ISU) hired Jonathan Govias as an assistant professor on a four-year contract. After ISU decided not to renew the contract, Govias filed this action against ISU and two of its professors alleging race discrimination, color discrimination, and retaliation.[1]

ISU filed a motion for summary judgment seeking to dismiss Govias's claims. The district court granted the motion.[2] It found that Govias failed to generate a genuine issue of material fact as to the prima facie elements of his discrimination and retaliation claims. It also found that, even if it assumed Govias generated a genuine issue of material fact as to the prima facie elements, ISU was still entitled to summary judgment on Govias's discrimination and retaliation claims based on the same-decision defense.[3]

Govias appeals the district court's ruling. But, in doing so, he challenges only that part of the district court's ruling finding that he did not generate a genuine issue of material fact as to the prima facie elements of his discrimination and retaliation claims. He has not challenged the district court's ruling that his

---

[1] For ease of reference and readability, we will refer to all three defendants collectively as "ISU" throughout this opinion.

[2] Govias's petition included two claims in addition to his race-discrimination, color-discrimination, and retaliation claims. Govias did not resist ISU's motion for summary judgment attacking those two claims, so the district court granted summary judgment on those claims as well. Govias does not challenge the dismissal of those two claims on appeal.

[3] The same-decision defense allows an employer to avoid liability even "when an employee proves discrimination was a motivating factor in the employer's actions" when the employer proves "by a preponderance of the evidence that it would have made the same decision even if it had not taken the plaintiff's [race or skin color] into account." *Hawkins v. Grinnell Reg'l Med. Ctr.*, 929 N.W.2d 261, 272 (Iowa 2019) (quoting *Price Waterhouse v. Hopkins*, 490 U.S. 228, 258 (1989) (plurality opinion)).

discrimination and retaliation claims failed based on the same-decision defense. This failure to challenge the district court's ruling on the same-decision defense constitutes waiver of the issue. *See Bennett v. MC No. 619, Inc.*, 586 N.W.2d 512, 521 (Iowa 1998) (concluding that failing to assign error, cite authority, or argue an issue in an appellate brief waives that issue); *cf.* Iowa R. App. P. 6.903(2)(a)(8)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). And this waiver is fatal to Govias's appeal because, even if we reversed the district court's decision finding no genuine issue of material fact on Govias's discrimination and retaliation claims, the district court's unchallenged ruling on the same-decision defense in favor of ISU still saves it from liability. As such, the district court's ruling on the same-decision defense is dispositive, and we affirm on that ground.

**AFFIRMED.**